IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



| | | |
|---|---|---|
| JON STEPHEN BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1034-T/An |
| | ) | |
| TOMMY RILEY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Jon Stephen Ballard, who is currently a resident of Collierville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on February 9, 2005, along with an affidavit seeking leave to proceed in forma pauperis. Based on the information set forth in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as McNairy County Sheriff Tommy Riley, Bob Gilbert, and Gene Gilbert. Bob Gilbert is apparently the plaintiff's landlord, and Gene Gilbert is apparently related to Bob Gilbert.

The factual allegations of the complaint consist, in their entirety, of the following:

Sheriff Riley has some good police officers but he says "he can do what he wants[."] Defendants stole some of my checks Home Bank Selmer Tn[.] In

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 5/10/05

5

> Fall 2001 I found out I had osteomylitis & Degenerative Spine Disease (+ other)[.] My wife got tired of taking care of a disabled person, she brought marijuana into the house & an arrest w/no warrant ensued. I'll try to be brief here and supplement later due to duress. Yesterday my landlord was arrested[.] He was stating he was going to kill me. His children had been smoking crack outside my window for 2 wks. He attempted to resist arrest, the officer said he would testify for me[.] The two days prior to that I had to call 911 numerous times[.] The night before the arrest I called 911 but my landlord said he knew the policeman on duty and the officer told me to wait til the morning to call so I did. The officer arrested Bob and Bob told the officer all this. (Most of it[.]) The officer said he would fill the report out to the "T"[.]

In the margin, the plaintiff alleged that "Bob & Gene said they wanted to break in my house and take my van[.] This is also in the several police repts over last 5 days[.] Check it out and you should be able to find out unless Sheriff Riley has altered or destroyed like he did for the female inmate who got pregnant Fall 2004[.] Check Reports!"

The prayer for relief provides:

$200,000,000

Press charges under RICO for conspiracy to commit murder, aggravated burgulary [sic], invasion of privacy (illegally planted "bugs" based on doctored tape (also documented see dates on bugging EQ, cf. to Court Order, see police reports[)).] I found several bugs in light fixtures etc., and maybe this sounds crazy but I am finding out if I have one in my glasses or teeth. They wanted to first put me in Jail due to Bob's children being arrested for crack cocaine in my van somewhere, when I found out, they wanted to kill me because the officer said I can sue and he would too. I AM!!!

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)    is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or

2

> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

As a preliminary matter, plaintiff's complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Sixth Circuit has emphasized that "[a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory.'" <u>Mitchell v. Community Care Fellowship</u>, 8 Fed. Appx. 512 (6th Cir. May 1, 2001) (emphasis in original; citation omitted).

The allegations in this complaint wholly fail to satisfy the requirements of Rule 8(a)(2). As previously mentioned, the Court assumes that defendant Bob Gilbert is the plaintiff's landlord, but the complaint does not specifically say so. The complaint also does not identify Gene Gilbert or explain why the plaintiff is suing him. Moreover, the complaint does not clearly allege what the Gilberts were doing to the plaintiff and why Sheriff Riley is responsible for the actions of the Gilberts. Although it is conceivable that the claim against Sheriff Riley is based on the failure of some police officer to respond adequately to the plaintiff's calls, the complaint does not specifically say so and does not allege that the plaintiff was damaged because of the alleged delay in arresting Bob Gilbert. Finally, in light of the fact that Bob Gilbert was apparently arrested, it is not clear why the plaintiff is filing

3

a civil complaint in order to ensure that Bob Gilbert is criminally prosecuted.

The Court ordinarily would order the plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure. Such a course is, however, unavailable when a Court is screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). Under these circumstances, the appropriate course is to dismiss the complaint without prejudice to the plaintiff's right to commence a new action concerning the same subject matter, so long as the new complaint is in compliance with the Federal Rules of Civil Procedure.

In order to preclude the commencement of meritless litigation, however, certain aspects of the plaintiff's complaint are not legally cognizable. First, the complaint contains no factual allegations concerning defendants Riley and Gene Gilbert. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Second, in order to state a § 1983 claim, plaintiff must allege action under color of state law. West v. Atkins, 487 U.S. 42, 55-57 (1988). "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). The complaint provides no basis for state action in the conduct of defendants Bob Gilbert and

4

Gene Gilbert, who are apparently not state employees.

Third, plaintiff has no constitutional claim based on the alleged failures of the police officers adequately to investigate his complaints. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195 (1989); Smith v. Jackson, No. 93-3052, 1993 WL 241816 (6th Cir. July 2, 1993) (affirming dismissal of claim that police and social worker failed to investigate alleged sexual abuse of child); Langworthy v. Dean, 37 F. Supp. 2d 417, 422-23 (D. Md. 1999) (holding that "there is not a clearly established constitutional right to have claims of criminal activity by a private actor investigated"; collecting cases); Joy v. City of Dayton, No. C-3-90-132, 1991 WL 1092505, at *8 (S.D. Ohio June 28, 1991) ("One does not have a constitutional right to have a police investigation conducted in a particular manner, or to have one conducted at all."); Doe v. Mayor & City Council of Pokomoke City, 745 F. Supp. 1137, 1139 (D. Md. 1990); Crawford v. Lane, No. 85 C 10510, 1988 WL 23799, at *1 (N.D. Ill. Mar. 9, 1988); Sellner, 565 F. Supp. at 252, aff'd mem., 796 F.2d 474 (4th Cir. 1986).

Fourth, to the extent the complaint can be construed as seeking the filing of criminal charges against the Gilberts,[1] the Court is unable to afford that relief. The First Amendment right of access to the courts does not encompass a right of access to the criminal courts or to initiate a prosecution. Mooneyhan v. Hawkins, No. 96-6135, 1997 WL 685423 at *7 (6th Cir. Oct. 29, 1997) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)). "[A]

---

[1] It is not clear whether the complaint also seeks the filing of criminal charges against defendant Riley.

private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S. v. Richard D., 410 U.S. at 619. This Court cannot compel the district attorney to commence a criminal investigation or to file criminal charges against the defendants because prosecutors, not judges, are authorized to institute criminal proceedings.

Finally, defendant Riley cannot be held responsible solely on the basis of his position as sheriff of McNairy County. There is no *respondeat superior* liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates yet fails to act generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint is devoid of allegations that defendant Riley "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of a failure by defendant Riley to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tennessee, 103 F.3d 495, 511-12 (6th Cir. 1996). Accordingly, even if it is assumed that the police officers on duty did not properly

6

respond to plaintiff's calls to 911, defendant Riley is not liable to the plaintiff.

For all the foregoing reasons, the Court DISMISSES the complaint, in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8(a)(2).

The final issue to be addressed is whether the plaintiff should be allowed to appeal this decision in forma pauperis, should he choose to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must seek pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis, along with a supporting affidavit, in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint also compel the conclusion that an appeal would

not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, he must pay the $255 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 5th day of May, 2005.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 1:05-CV-01034 was distributed by fax, mail, or direct printing on May 10, 2005 to the parties listed.

---

Jon Stephen Ballard
c/o Rev. Donald K. Ballard, LTG. USN
683 Wheatley Cove
Collierville, TN 38017

Honorable James Todd
US DISTRICT COURT